UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-24426-CIV-ALTONAGA/SIMONTON

THOMAS E. PEREZ, Secretary of Labor
United States Department of Labor,

    Plaintiff,

v.

L & J FARM PICKING, INC., *et al.*,

    Defendants.
_____/

### ORDER DENYING, WITHOUT PREJUDICE, DEFENDANTS' REQUEST FOR EARLY DISCLOSURE OF PLAINTIFF'S WITNESS LIST

This matter is before the Court following an informal discovery conference, which was held before the undersigned on September 4, 2013. The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery matters to the undersigned Magistrate Judge (DE #24). At the discovery conference, the Court ordered further briefing with regard to the request by Defendants A & J Farms and JNJ Growers, (as well as the related individual defendants)[1] for an order directing the Plaintiff to provide its trial witness list prior to the discovery cut off, or, in the alternative, for the Court to prohibit the Plaintiff from using the testimony of certain individuals. The Court has now considered the parties' additional briefing: Plaintiff's Response in Opposition to Defendants' Request for an Order Requiring the Parties to Exchange a List of Witnesses Prior to the Discovery Deadline or in the Alternative an Order Prohibiting Plaintiff to Use

---

[1] Defendant L & J Farm Picking, Inc. and related individual defendant Ermilus Loccet, have not yet made an appearance in this case. L & J is a labor contractor who provided hand harvesters to the farms of Defendants A & J and JNJ. One of the central issues in this lawsuit is whether A & J and JNJ are employers of these hand harvesters.

the Testimony of Certain Individuals (DE # 63) and Defendants' Memorandum of Law in Support of their Motion to Compel (DE # 71). For the reasons set forth below, the undersigned concludes that, at the present time, the existing Scheduling Order and the provisions of the Local Rules and the Federal Rules of Civil Procedure, should not be altered to require early disclosure of Plaintiff's witness list; therefore, Defendants' request is denied without prejudice.

I.     PROCEDURAL BACKGROUND

The Secretary of Labor ("Plaintiff") commenced this action on December 17, 2012, to recover unpaid back wages and liquidated damages for approximately 300 hand harvesters, or pickers, of beans. Defendants propounded discovery to Plaintiff aimed at obtaining the identities of Plaintiff's witnesses or potential witnesses at trial. In interrogatory No. 6 of Defendants' first set of interrogatories to Plaintiff, they asked:

> 6.    Please identify the persons that you purport to represent and any person involved with the subject WHD investigation (Case ID: 1612496) that you intend to rely upon as witnesses in this action.

Plaintiff's response provides that:

> The Secretary has not determined whom he will call as witnesses at any trial in this case and will make those disclosures pursuant to any deadlines set by the Court or the applicable Federal Rule of Civil Procedure.

On August 15, 2013, Defendants moved to compel an Order requiring that the parties provide a list of trial witnesses prior to the discovery cutoff (December 13, 2013), which the Honorable Cecilia M. Altonaga denied for failing to comply with the Court's instructions for resolving discovery disputes. (DE # 54).

Pursuant to the Court's Order Re-setting Trial and Pre-Trial Schedule (DE # 51) ("Scheduling Order"), this matter is set for trial during the Court's two-week trial

calendar beginning on February 24, 2014. Local Rule 16.1(e)(10) requires that trial witnesses be identified in the pre-trial stipulation. S.D. Fla. L.R. 16.1(e)(10). The parties are required to meet and confer fourteen days before the pre-trial stipulation is due to prepare the pre-trial stipulation. S.D. Fla. L.R. 16.1(d). The parties' joint pre-trial stipulation is due to be filed on January 10, 2014. (DE # 51).[2]

## II. LEGAL ANALYSIS

Defendants argue that they need a list of trial witnesses from Plaintiff because Plaintiff has identified nearly 300 hand harvesters as people with knowledge about the claims in this action, but has refused to disclose, until after the discovery deadline, which of those hundreds it intends to call at trial. Responding to an argument Plaintiff advanced at the hearing, Defendants maintained that the "informer privilege" does not shield from early disclosure the list of trial witnesses. Defendants argued that Federal Rule of Evidence 510[3] provides that the informer privilege does not apply to an informer who will appear as a witness for the government. (DE # 71 at 3). Defendants further argued that the relevant authorities support the disclosure of a list of witnesses during discovery, which is consistent with the Court's broad authority to control the pace of

---

[2] Federal Rule of Civil Procedure 26(a)(3) requires a party to identify witnesses it intends to call at trial at least thirty days before trial unless the court orders otherwise. Fed. R. Civ. P. 26(a)(3)(A)(i) and (B). In their Joint Scheduling Report (DE # 23), neither party requested an early deadline for disclosing trial witnesses, and the Court did not impose such a deadline (DE # 24).

[3] The undersigned assumes the Defendants intended to rely on Federal Rule of Evidence 501, which provides generally that the federal common law governs a claim of privilege unless otherwise defined in the United States Constitution, a federal statute, or rules prescribed by the Supreme Court; except state law governs a claim of privilege regarding a claim or defense governed by state law. The Rule does not expressly address the informant's privilege.

litigation.  Accordingly, Defendants ask the Court to order the parties to exchange trial witness lists on or before October 15, 2013.[4]

Plaintiff argued that the Court should reject Defendants' request to exchange trial witness lists three months prior to the current deadline and over four months before trial.  Plaintiff further argued that identifying witnesses at that time would effectively reveal the identities of individuals who have cooperated with the Plaintiff during the investigation and discovery phases of this matter.  Plaintiff contended that such information is protected by the informer's privilege, which Plaintiff has invoked in this matter as outlined in the Declaration of Laura A. Fortman, the Principal Deputy Administrator of the Wage and Hour Division, United States Department of Labor.  (DE # 63-1).  Plaintiff further argued that courts have repeatedly found that the public's interest in protecting informants from retaliation and encouraging just administration of the FLSA outweighs a litigant's need for unrestricted access to sensitive information during discovery.  (DE # 63 at 3)(citing *Brennan v. Engineered Prods., Inc.*, 506 F.2d 299, 303 n.2 (8th Cir. 1974)).  Plaintiff maintained that courts "may require disclosure of the names of prospective witnesses at a reasonable time before trial, which is to be measured by

---

[4] Defendants also argue that it is too late for the Plaintiff to assert the privilege now, since it was not asserted in response to the discovery request which sought this information.  The undersigned rejects this argument without further discussion.  *See Solis v. New China Buffet # 8*, Case No. 5:10-CV-78 (CAR), 2011 WL 2610296 at *2 (Jul 1, 2011 M.D. Ga.), and cases cited therein.  In response to the request for a witness list, the Plaintiff stated that it had not determined its witnesses, and that it would make the disclosure pursuant to the applicable deadlines.  The Plaintiff did invoke the privilege, however, when asked for the identities of the persons who had been interviewed by the Plaintiff.  Therefore, until the Defendants sought to compel the witness list at an earlier date, the Plaintiff did not need to more expressly invoke the privilege in order for this to serve as the basis for its dispute over the timing of the disclosure.

balancing the defendant's need against the vulnerability of the employee witnesses to the defendant employer." (*Id.* at 3-4, citing *Engineered Prods.*, 506 F.2d at 304) (disclosure of witness names five to ten days before trial sufficient for defendant to prepare for impeachment). Plaintiff asks the Court to deny Defendants' request and allow the parties to exchange witness lists with their pre-trial stipulations pursuant to the Court's Scheduling Order, which strikes the proper balance between the Defendants' need for information and the public's interest in protecting informers in the enforcement of the FLSA.

While the Court agrees with Plaintiff that the cases uniformly recognize the applicability of the informer's privilege[5] to FLSA cases to protect from disclosure the names and addresses of informers, *see Chao v. Brumfield Const.,* NO. C07-821RSL, 2008 WL 1928984, *2 (W.D. Wash. Apr 28, 2008), it is equally well-settled that the privilege does not override the government's duty to disclose the identity of witnesses who will testify at trial.  In *Brock v. DialAmerica Marketing, Inc.*, No. 81-4020, 1986 WL 28913, at *5 (D.N.J. October 15, 1986), the court provided the following analysis:

> It is untenable to suggest that the flow of informant-generated information to the government will be enhanced or protected by temporarily withholding the identity of informants who will ultimately be identified at trial.  As stated by one court "the privilege should not preclude disclosure [of the identity of the informer] ... where the person giving information is to be called as a witness by the Government at trial, there being nothing to protect....

---

[5]The privilege has been defined as "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957).

1986 WL 28913, at *5 (citation omitted).  Here, Defendants's discovery requests seek the names of the witnesses Plaintiff will rely upon at trial.  The informer's privilege does not protect Plaintiff's trial witnesses from identification prior to trial, which Plaintiff has recognized.  The question remains, however, how far in advance of trial should Plaintiff be required to disclose those witnesses.

The Tenth's Circuit's decision in *Brock v. R.J. Auto Parts and Service, Inc.*, 864 F.2d 677 (10th Cir. 1988), an FLSA case where the Secretary of Labor asserted the informer's privilege to prevent the disclosure of its trial witnesses, is instructive here.  In *Brock,* the district court ordered the Secretary of Labor to identify during discovery the witnesses it would call at trial.  *Id.* at 678.  After refusing to divulge that information and suffering a dismissal as a sanction, the Tenth Circuit reversed.  The Tenth Circuit first noted that the local rules and the Federal Rules of Civil Procedure both specified the pretrial conference as the appropriate occasion to identify trial witnesses.  *Id.* at 679.  After recognizing that a district court is not powerless to compel the production of a trial witness list during discovery, the court held that in the absence of a showing of substantial need in the discovery stage, the trial court erred in requiring "the premature identification of witnesses[.]"  *Id*. at 679-80.  Other courts have reached a similar conclusion.  *See Brumfield Const.*, 2008 WL 1928984 at *2*; Engineered Prods*., 506 F.2d at 303 n.2 ("[D]iscovery is not ordinarily the proper stage in litigation to compel from an opponent the names of his prospective witnesses").

Consistent with the Scheduling Order in this case as well as the Local Rules, the parties will meet and confer and exchange trial witness lists no later than December 27,

2013.  S.D. Fla. L.R. 16.1(d); (DE # 51).  Defendants seek to have the Plaintiff's trial witnesses identified earlier, not only prior to the discovery cut-off - December 13, 2013 - but by October 15, 2013, some two and a half months early.  The undersigned finds that, at this time, Defendants have failed to show a sufficient need to require Plaintiff to disclose the identity of its trial witnesses two and a half months early.[6]  As set forth in Defendants' memorandum, Defendants request the early identification of trial witnesses so they can learn during discovery "the hours they and their coworkers worked each week, the number of boxes/buckets picked by them, and their pay."  (DE # 71).  Defendants, however, fail to explain why this information must come only from Plaintiff's trial witnesses; presumably, all of the 300 hand harvesters identified by Plaintiff could provide sufficient information.  As such, Defendants should be able to obtain information of the same like and kind by deposing several of the 300 hand-harvesters identified by Plaintiff.[7]

---

[6] Defendants reliance on *Wirtz v. Continental Fin. & Loan Co. of West End*, 326 F.2d 561 (5th Cir. 1964) and *U.S. v. Northside Realty Assoc., Inc.*, 324 F. Supp. 287 (N.D. Ga. 1971) for a discussion of the appropriate time to disclose a list of trial witnesses is inapposite.  Federal Rule of Civil Procedure 26(a)(3) was amended in 1993 to include a deadline for the disclosure of trial witness lists; which is 30 days before trial, unless the court orders otherwise.

[7] The undersigned notes that a detailed Amended Statement of Claim was filed on April 2, 2013 (DE # 36, Ex. A).  The claims of the individual hand harvesters vary widely from less than one hundred dollars to $3,985.66 (DE # 36, Ex. A).  Of the approximately 300 hand harvesters listed in Plaintiff's Statement of Claim, approximately thirty-five have claims that exceed $2,000.00; and, approximately 123 have claims less than $1,000.00.  Thus the vast majority of claims are between $1,000.00 and $2,000.00.  Defendants ought to be able to use this information, which includes the dates of the work performed, to determine which hand harvesters to depose.

**Should the Defendants fail to obtain the information they need from their initial discovery efforts, they may renew their request for early disclosure based upon a showing of their need for the early disclosure of the information at that time.  Nothing in the present record, however, reflects that Defendants have taken any depositions of any hand harvester, or have tried and failed to obtain the information they need regarding hours worked by the hand harvesters, from any of the other witnesses identified by Plaintiff.  Moreover, it appears that the central issue in this case whether these Defendants are employers, or whether the sole employer is absent Defendant L & J Farm Picking.  Thus, Defendants have failed to show a sufficient need for the information at this time.[8]  Accordingly, it is**

**ORDERED** **that Defendants' request for an order directing the parties to exchange trial witness lists prior to the discovery cut off is DENIED WITHOUT PREJUDICE at this time with leave to renew their request for relief after they have**

---

[8]Because the Defendant has failed to show a need for this information at this time, a balancing of that need against the vulnerability of the employee witnesses to the defendant employer weighs heavily in favor of the hand harvesters. *Engineered Prods*., 506 F.2d at 304.  This balance may change however, once Defendants have commenced discovery.  Assuming that such a showing is made, at the present time, the undersigned does not envision the need for disclosure to be more than 35 days prior to the discovery deadline, or November 8, 2013.  The undersigned notes that this date is after the date of the mediation scheduled in this case; if the mediation is successful, there will be no need to disclose the identities of the witnesses.  If the mediation is unsuccessful, the inevitability of the ultimate disclosure will weigh somewhat in favor of earlier disclosure.  Moreover, deferring disclosure will also assist in protecting the identities of those who came forward initially and who therefore may be the most fearful of retaliation, as opposed to those who perhaps only responded to inquiries by the Department of Labor during the course of litigation.

undertaken initial discovery efforts, if necessary, in accordance with the discovery procedures of this Court.

      **DONE AND ORDERED** in Miami, Florida, on September 30, 2013.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
The Honorable Cecilia M. Altonaga
    Counsel of Record